

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-17-2006

# USA v. Rackley

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2052

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Rackley" (2006). *2006 Decisions.* Paper 1263.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1263

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

———

No. 05-2052

———

UNITED STATES OF AMERICA

v.

OTIS L. RACKLEY,
                    Appellant

———

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Crim. No. 04-cr-00491)
District Judges: Hon. Dennis M. Cavanaugh

———

Submitted Under Third Circuit LAR 34.1(a)
April 17, 2006

Before:  SLOVITER, AMBRO and MICHEL[*], Circuit Judges

(Filed: April 17, 2006)

———

OPINION

———

[*]  Hon. Paul R. Michel, Chief Judge, United States Court of
Appeals for the Federal Circuit, sitting by designation.

SLOVITER, <u>Circuit Judge</u>.

## I.

Otis Rackley is a former Special Operations Inspector of the United States Customs and Border Protection Agency. Between 2000 and December of 2003, Rackley was involved in a scheme to admit aliens into the United States illegally. Rackley allowed alien smugglers to use his Customs' badge, admitted hundreds of aliens into the country, and sold forged immigration documents to aliens. In exchange for these acts, he was paid bribes, the total amount of which is disputed by Rackley, but estimated in the Presentence Report ("PSR") as exceeding one million dollars.

On June 30, 2004, Rackley pled guilty to one count of accepting bribes as a public official in violation of 18 U.S.C. § 201(b)(2). In his guilty plea, he stipulated to a base offense level of ten with a two-level upward adjustment on the basis of accepting multiple bribes. <u>See</u> U.S.S.G. § 2C1.1(a), (b)(1) (2003). He also acknowledged that he held a "sensitive position" within the meaning of § 2C1.1(b)(2)(B), triggering a potential eight-level enhancement. Rackley disagreed with the Government's calculation of the value of payments and benefits he received, however, and reserved his right to argue and present evidence on that issue. That determination was relevant in light of the applicability of § 2C1.1(b)(2)(A), which calls for enhancement of sentence based on the value of payments or benefits received in bribery cases. <u>See</u> § 2C1.1(b)(2)(A) (incorporating the table in § 2B1.1(b)). The Government also stipulated to the applicability of downward departures under § 3E1.1(a) and (b), for acceptance of

2

responsibility and permitting the Government to avoid preparing for trial, conditioned on Rackley's continued acceptance of responsibility through the time of sentencing.

After pleading guilty, Rackley decided to cooperate with federal authorities. In several plea proffer sessions, he admitted to smuggling over a hundred illegal aliens into the United States, providing passport stamps and immigration documents to hundreds of aliens, and, according to the Government, netting over one million dollars as a result of his criminal activities. Rackley agreed to testify against one of his co-conspirators, who later pled guilty, and provided other information corroborating evidence uncovered in related investigations.

However, Rackley failed to provide the financial information requested by the Probation Office. The PSR began with a base offense level of ten pursuant to § 2C1.1(a), and recommended that he not receive any downward adjustments for acceptance of responsibility. The PSR did not recommend an eight-level enhancement in the plea agreement based on Rackley's "sensitive position," § 2C1.1(b)(2)(B), but it did recommend a two-level enhancement under § 2C1.1(b)(1) for acceptance of multiple bribes. The PSR also calculated that Rackley had received in excess of a million dollars as a result of his criminal conduct, and accordingly, recommended a sixteen-level enhancement under § 2B1.1(b)(1). The resulting offense level of twenty-eight combined with Rackley's criminal history category of I resulted in a Guidelines range of 78-97 months imprisonment. The underlying statutory maximum for 18 U.S.C. § 201(b)(2) was fifteen years, and a fine of up to $250,000 or three times the value gained through the

3

offense.  See § 201(b), 18 U.S.C. § 3571.

Rackley made two objections to the PSR in a letter addressed to the Probation Office.  He argued that the District Court should apply a three-level downward departure for acceptance of responsibility under § 3E1.1(a)-(b).  He also objected to the sixteen-level enhancement based on the calculation that he had received more than a million dollars in bribes and benefits as a result of his offense, "reserv[ing] the right to argue" the amount at sentencing.  App. at 55.

Rackley was sentenced on March 22, 2005.  The District Court addressed Rackley's objections to the PSR at the outset of the hearing, noting that it had received information from the Probation Office that Rackley had not returned calls and had refused to provide it with financial information, despite admitting in plea proffers that he had accepted approximately a million dollars in bribes.  The District Court stated its disinclination to grant a three-level downward departure for acceptance of responsibility and cooperation.

In response, the Government noted that Rackley had "acknowledged the scope of the crime, the nature of the crime," and admitted that it had "netted him in excess of $1 million," but had been unable to provide a "detailed financial accounting of where all of that money went," beyond indicating that most of it had been spent on personal items.  App. at 61.

Given his failure to cooperate with the Probation Office and his inability to provide an accounting of the money he had received and how it had been spent, the

4

District Court declined to apply the downward departures: "In this case, if there was a real acceptance of responsibility there would have been [] information with respect to the financials. And it is my understanding that probation made efforts, one of the reasons that they have continued to call Mr. Rackley was to get this information which he would tell them on occasion it would be forthcoming and then it never came." App. at 62.

Defense counsel protested, stating that Rackley had always maintained that "he personally did not get $1 million." App. at 62. Counsel also stated that all compensation he had received for defending Rackley had come from Rackley's wife, and that Rackley was working as a truck driver to support himself and not living a "life of luxury." App. at 64-65. Counsel then requested a two week continuance so that he "could arrange to have a debriefing with the government." App. at 65. The District Court declined this request, stating, "Mr. Rackley has had every opportunity to do what he has to do. . . . He has known about this sentence date for months. He has had ample opportunities." App. at 65-66. Defense counsel acknowledged that the PSR was "correct," but argued that in light of Rackley's prompt acceptance of responsibility and his proffers of information to the Government, he was entitled to a three-level reduction. App. at 66. The District Court again rejected the argument that any reduction should apply. App. at 66.

The District Court proceeded to consider the Government's motion under U.S.S.G. § 5K1.1 for a downward departure on the basis of providing substantial assistance. Based on the information in the Government's letter, the District Court stated that it was "in effect" granting the § 5K1.1 motion, although it noted that § 5K1.1 motions were

5

generally meant to permit the court to depart downward from a mandatory Guidelines range.  Now that the Guidelines were advisory, the District Court said it would take the Government's letter into consideration, and "give [Rackley] whatever credit I think appropriate."  App. at 67-68.

The District Court stated that it would follow the PSR and sentence Rackley within the Guidelines range for his criminal history category of I and an offense level of twenty-eight, or 78-97 months.  Noting the special national security threats raised by Rackley's conduct, the District Court sentenced him to 90 months imprisonment, followed by a 3-year term of supervised release.  It also imposed a fine of $125,000 and required Rackley to cooperate with the Government in a full investigation of his financial dealings.

## II.

Rackley timely filed this appeal, arguing violations of his Fifth and Eighth Amendment rights.[1]  Encompassed in these arguments are the contentions that the District Court erred in basing the sentence on the finding that Rackley had received $1 million in benefits as a result of his crimes, a fact which Rackley contests, and that it erred in declining to depart downward on the basis of his acceptance of responsibility and

---

[1] We have jurisdiction to review a sentence imposed in violation of the law under 18 U.S.C. § 3742(a)(1).  See United States v. Cooper, 437 F.3d 324, 327 (3d Cir. 2006) (an unreasonable sentence is a sentence imposed in violation of law).

6

cooperation with the Government. Rackley also argues that his sentence is unreasonable, in violation of United States v. Booker, 543 U.S. 220 (2005). For the reasons stated below, we affirm Rackley's sentence. Because we write primarily for the parties, their counsel, and the District Court, we set forth only the facts salient to Rackley's appeal.

The Fifth Amendment provides that "[n]o person shall . . . be deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. Rackley argues that the District Court violated his due process rights when it refused to grant his request for a two week continuance in order to respond to the PSR's gain calculation of $1 million and its recommendation that the Court not depart downward for cooperation and acceptance of responsibility. The determination of a trial court to deny a continuance is reviewable for abuse of discretion. United States v. Irizarry, 341 F.3d 273, 305 (3d Cir. 2003). Such a denial constitutes abuse of discretion only if it is so arbitrary as to deny due process. Ungar v. Sarafite, 376 U.S. 575, 589 (1964).

The District Court's denial of Rackley's request for a continuance was not an abuse of discretion because, as the District Court noted, Rackley had ample time to respond to the PSR. The PSR is dated February 1, 2005, and counsel acknowledged its receipt in a letter less than a week later.[2] In that letter, counsel objected to the failure to

_____

[2] The letter from Rackley's attorney responding to the PSR is dated February 8, 2004. The facts of the case indicate that the year was mistakenly denoted 2004, and that the letter was actually sent on February 8, 2005. Rackley did not even enter a guilty plea in the case until June 30, 2004, so a PSR would not have been available as of February, 2004.

apply a departure on the basis of acceptance of responsibility and cooperation, and to the $1 million gain.

Rackley's sentencing hearing was not held until March 22, 2005, approximately six weeks after he received the PSR. Accordingly, Rackley was on notice of its contents, and could not have been surprised when the District Court decided to follow it at sentencing. He also had ample opportunity to develop evidence contradicting the gain calculation in the PSR and supporting his argument that he merited a downward departure for acceptance of responsibility and cooperation. Instead, the record demonstrates that Rackley failed to meet with probation officers despite their repeated attempts to contact him for a financial accounting. He also made no statements at sentencing to rebut any of the specific factual assertions in the PSR. Under these circumstances, the District Court adequately took into account Rackley's rights as well as the Government's interest in the efficient administration of justice when it declined his request for a two week continuance. See United States v. Kikumura, 947 F.2d 72, 78 (3d. Cir. 1991).

Much of Rackley's due process argument centers on the merits of the District Court's decision not to depart downward on the basis of Rackley's acceptance of responsibility and cooperation. We do not have jurisdiction to review a District Court's discretionary decision not to depart downward. Cooper, 437 F.3d 324 at 333. His argument that the Government breached its plea agreement by "endorsing the recommendation of the Probation Officer that an Offense Level of 28 was appropriate," Br. Rackley at 2, is unpersuasive for two reasons. First, the Government did not endorse

8

the PSR, but instead made a motion for a downward departure under U.S.S.G. § 5K1.1 for substantial assistance. Second, the prosecution only has the power to make recommendations at sentencing – the ultimate sentence is within the sole discretion of the sentencing judge, as stated expressly in the plea agreement.

Rackley also includes in his due process argument a challenge to the $1 million gain calculation, noting that due process entitles him to be sentenced on the basis of accurate information. Townsend v. Burke, 334 U.S. 736, 741 (1948); United States v. Nappi, 243 F.3d 758, 763 (3d Cir. 2001), Br. Rackley at 26. We will construe this argument as an objection to the sufficiency of the evidence to support the District Court's finding that Rackley gained in excess of $1 million as a result of his offense.

The District Court's findings of fact at sentencing must be supported by a preponderance of the evidence. See Cooper, 437 F.3d at 330. At sentencing, Rackley failed to provide information to contest the accuracy of specific items in the PSR. In his briefs, as at sentencing, he relies on assertions that he drove a truck for a living and did not live a luxurious lifestyle. He also argues that the gain amount should have been offset by, among other items, forfeiture judgments against his co-conspirators. He complains that he was provided with no "precise accounting" of the one million dollars in gain. Br. Rackley at 25.

The record demonstrates, however, that Rackley himself told the Government he had netted more than $1 million as a result of his activities. Documents found at the home of a co-conspirator demonstrate that Rackley had received at least $1 million in

9

benefits as a result of his crimes. Rackley also concedes in his brief that he had spent some of the money gained on items such as jewelry, a swimming pool, a big-screen television, and a billiards table. Accordingly, the District Court's finding that Rackley had gained in excess of $1 million is supported by ample evidence, and Rackley's due process rights were not violated when he was sentenced on the basis of that finding.

Next, Rackley contends that his sentence violates the Eighth Amendment, which provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. Because this objection was not raised at sentencing, we review for plain error, which requires that Rackley demonstrate prejudice. United States v. Syme, 276 F.3d 131, 153 (3d Cir. 2002). Regardless of the standard of review, Rackley's Eighth Amendment argument can be rejected summarily. As the Government notes, the sentence, including the $125,000 fine, was well within the statutory maximum of 15 years and a fine of up to $250,000 or three times the ill-gotten gains, which, in this case, would have been $3 million. See 18 U.S.C. § 201(b). Furthermore, the District Court followed the Guidelines in imposing this sentence, indicating that it is commensurate with the sentences that would be imposed upon other defendants engaging in similar conduct. See Cooper, 437 F.3d at 331 (noting that a sentence within the Guidelines range is more likely to be reasonable).

Accordingly, Rackley's 90-month term of imprisonment and $125,000 fine are not grossly disproportionate in violation of the Eighth Amendment. See United States v. Bajakajian, 524 U.S. 321, 334 (1998) (fines violates the Eighth Amendment only if

10

grossly disproportionate to the gravity of the offense); <u>Harmelin v. Michigan</u>, 501 U.S. 957, 1001 (1991) (the Eighth Amendment only protects against sentences that are grossly disproportionate to the crime).

Finally, Rackley argues that the sentence imposed upon him is unreasonable in violation of <u>Booker</u>. Because this objection was not preserved, we review for plain error. <u>Syme</u>, 276 F.3d at 153. The party challenging the sentence has the burden to demonstrate unreasonableness. <u>See</u> <u>Cooper</u>, 437 F.3d at 332. Rackley has not met his burden. We are satisfied that the District Court "exercised its discretion by considering the relevant factors" of 18 U.S.C. § 3553(a), and that it applied them reasonably in arriving at a sentence. <u>Id.</u> at 329.

The District Court is not required to mechanically state all of the factors in § 3553(a); rather, the record must demonstrate it gave meaningful consideration to the relevant factors. <u>Cooper</u>, 437 F.3d at 329. We are satisfied that the District Court has done so here. The District Court heard recommendations, argument, and objections from counsel on both sides. It gave due attention to the applicable Guidelines range and the Government's motion for a downward departure under § 5K1.1. It noted the serious nature of the offense and the grave implications of such criminal activity for public safety and national security. It imposed a 90-month term of imprisonment, approximately in the middle of the Guidelines range of 78-97 months. <u>See</u> <u>Cooper</u>, <u>id.</u> at 331 (noting that a sentence within the Guidelines range is more likely to be reasonable). The fine of $125,000, although a substantial sum, is much less than the District Court could have

11

imposed under 18 U.S.C. § 201(b).

The District Court is in "the best position to determine the appropriate sentence in light of the particular circumstances of the case." Id. at 330. We are satisfied that the District Court reasonably applied the relevant factors from 18 U.S.C. § 3553(a) in this case. Accordingly, we conclude that the sentence is reasonable.

## III.

For the foregoing reasons, we will affirm the order of the District Court imposing a sentence of 90 months and a fine of $125,000.